DECIDED NOVEMBER 27, 1933.

22935. DEMPSEY v. BROWNING.

DECIDED NOVEMBER 28, 1933.

*John Camp Davis,* for plaintiff in error.

*John W. Bale,* contra.

MacINTYRE, J. R. D. Browning brought a bail-trover action against Mrs. Anna Dempsey to recover certain live-stock, farm implements, and farm products,—all of the alleged value of $148.50. The jury returned a verdict against the defendant and the securities on her bail-bond for $148.50, and interest and costs. The exception is to the judgment overruling the motion for a new trial containing only the usual general grounds.

The brief of evidence begins: "The petition was admitted, except title to the property sued for, which was denied." R. D. Browning testified that "he moved to the farm of defendant in Floyd county, Georgia, in the first part of the year 1932, and began work as a cropper on the land of Mrs. Anna Dempsey;" and that "later, on or about April 4th, he and his landlord changed his manner of working the farm to thirds and fourths, having bought tools and mule and other property sued for after receiving a writing from M. G. Dempsey, which is as follows: "April 4, 1932. Mr. R. D. Browning has paid M. G. Dempsey cash for one gray mule and black mule and one two-horse wagon, one two-horse turner, one one-horse turner, two single plow-stocks, one John Deer Mower, rake, two Junior Cultivators, and one Jersey milk cow and calf, one steel harrow, planter and plow gear. M. G. Dempsey." R. D. Browning further swore: "that he paid as a

consideration for the property $80, $40 of which he got up himself and $40 he borrowed from his brother; that he took possession of the property and stored it in a barn he had rented. Later he was told by J. V. Webb that the farm he had rented belonged to Mrs. Anna Dempsey." Mrs. R. D. Browning testified, that she "saw M. G. Dempsey sign the said writing, and saw her husband give the $80 to him for *the property involved*;" that she "gave $40 of it to him from her own pocket, and borrowed $40 from her brother-in-law;" and that M. G. Dempsey signed the said writing in her house in her presence and in the presence of her husband. M. G. Dempsey testified, that he "did not sign the instrument and did not sell the property to plaintiff, and that the farm and the property described belonged to defendant." Mrs. Anna Dempsey testified, that "M. G. Dempsey was her agent, and that any contract he made for her would be binding on her;" that she "did not sell the said property sued for to the plaintiff, and that M. G. Dempsey did not sell it for her, and that she did not part with possession of said property;" and that she "never rented the barn in question to the plaintiff." J. V. Webb, the county agent for Floyd county, testified, that "R. D. Browning borrowed $50 from the government, and M. G. Dempsey signed as landlord, and stated that Browning was working as a tenant on one third and one fourth of the crops;" that "the original contract was sent to Washington, D. C., and is there now;" and that "a note given by Dempsey to Browning for purchasing Browning's crop was left with him, which note is as follows:" Omitting its formal parts, said note reads:

"May 14, 1932.

"June 5, 1932, after date, we promise to pay to the order of R. D. Browning fifteen dollars.

"M. G. Dempsey (seal).
"Anna Dempsey (seal)."

The contention for plaintiff in error is that the title to the property sued for was not proven to be in the plaintiff, for the reason that the evidence fails to show that the defendant's husband, M. G. Dempsey, was authorized to sell to Browning Mrs. Anna Dempsey's property.

M. G. Dempsey testified that "the farm and the property described belonged to defendant." R. D. Browning testified that he "bought tools and mule and other property sued for." Mrs. Anna

Dempsey swore that M. G. Dempsey was her agent and that any contract he made for her would be binding on her. Both M. G. Dempsey and Mrs. Anna Dempsey signed the note for the crop.

Under all the facts and circumstances of this case, and especially under the testimony of the defendant herself that "M. G. Dempsey was her agent, and that any contract he made for her would be binding on her," we are satisfied that the jury were authorized to conclude that Dempsey was authorized, as his wife's agent, to convey to the plaintiff Mrs. Anna Dempsey's property. We hold that the evidence supports the verdict, and that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*